SCOTT, J.  The order appealed from was clearly unauthorized.  If the trial judge erred in directing a verdict for defendant instead of dismissing the complaint (a question which we do not decide and cannot decide upon the record before us), the plaintiff's remedy was by appeal and not by a motion before another justice, sitting in Special Term, to vacate the judgment and order a new trial.  The granting of such a motion was error.

Order appealed from reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.  Order filed.  All concur.

(97 Misc. Rep. 53)

HICKMAN v. INTERNATIONAL RY. CO.

(Supreme Court, Special Term, Erie County.   October 18, 1916.)

1. CARRIERS ⬡➾267—STREET RAILROADS—CONTINUOUS TRIP—REASONABLENESS OF RULE.

Under Public Service Commission Law (Consol. Laws, c. 48) § 49, subd. 7, requiring street railroads to carry passengers desiring to make a continuous trip between two points on its lines for a certain fare, and requiring it to give such passengers proper transfers, a rule of a company to refuse transfers on a street in a southerly direction, on the ground that to permit such transfers would make it possible for passengers to make a continuous round trip from the point where plaintiff boarded the car, in view of the fact that there was a shorter and more direct route to plaintiff's destination, was a reasonable rule, within the rights of the company.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 994–996; Dec. Dig. ⬡➾267.]

2. CARRIERS ⬡➾267—PASSENGERS—TRANSFERS—PUBLICATION OF RULE—ENFORCEMENT.

Where such rule was known only to the company's conductors, and had not been posted in its street cars, or in any way published or brought to the knowledge and attention of the traveling public, it could not be enforced.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 994–996; Dec. Dig. ⬡➾267.]

Appeal from City Court of Buffalo.

Action by Willis G. Hickman against the International Railway Company.  From a judgment of the City Court of Buffalo dismissing his complaint, plaintiff appeals.  Reversed, and new trial directed.

Philip Catalano, of Buffalo, for appellant.

Harold Brown, of Buffalo, for respondent.

WHEELER, J.  [1] This action was brought to recover a penalty for a violation of section 49, subd. 7, of the Laws of 1910, c. 480, known as the "Public Service Commission - Law," requiring street railroad companies to carry passengers desiring to make a continuous trip between two points on its lines for a single fare, and requiring such company to give to such passenger proper transfers.

The evidence shows that the plaintiff wished to go to his home on Main street in the city of Buffalo, located between Utica and Bryant streets; that he boarded one of defendant's cars at the corner of Eagle

and Franklin streets in the city of Buffalo; that the car then proceeded north to Chippewa street, then turned westerly, passing along Chippewa street to Elmwood avenue, thence up Elmwood avenue northerly to West Utica street, where it became necessary to transfer to a West Utica street car going east. A transfer was given and the plaintiff rode easterly on said car to Main street. The Utica street car, at the junction of Main street, turned down Main street; but the conductor of the car refused to permit the plaintiff to ride further and ejected him from the car. The conductor informed the plaintiff that under the rules of the company he could not carry him down Main street, but he was only permitted to give transfers to passengers going out Main street in a northerly direction. This action was then brought for the penalty provided by statute.

The defendant undertakes to justify its action on the ground that a shorter and more direct route to the plaintiff's destination existed; that he could have taken a Niagara street or Grant street car passing up Niagara street to Shelton Square on Niagara street and Main street, and there transferred to a Main street car passing directly in front of his home; and that, if transfers south on Main street were permitted to passengers on Utica street cars, it would become possible for passengers thus to make a continuous round trip from the point where the plaintiff boarded the Elmwood avenue car. Hence it was that the street railroad company adopted the rule in question forbidding the giving of transfers entitling passage south on Main street to passengers boarding Elmwood avenue cars at any point below Chippewa street.

The plaintiff contends that the rule is not a reasonable one, and in violation of the spirit and purposes of the statute; but it seems to the court that in making such a rule the railway company was within its rights, and its action is sustained by the decision of the Court of Appeals in Kelly v. N. Y. C. R. Co., 192 N. Y. 97, 84 N. E. 569.

In this case the difference in distance to the plaintiff's home between the Elmwood avenue route and the Main street route is not great; but it seems to us, notwithstanding, owing to the possibilities of a continuous round trip, the railway company had the right to say to those patronizing its lines that, under the circumstances, transfers should not issue to those boarding Elmwood avenue cars below Chippewa street, as was desired in this case.

[2] There is, however, another phase of this case which, in our opinion, requires a reversal of the judgment of the court below dismissing the complaint.

It appears from the evidence that the plaintiff, on former occasions, had taken the same route to his home as that taken on the day in question, and had been accorded a continuous ride down Main street without protest or objection from the company, and that he had no knowledge at the time he boarded the Elmwood avenue car of the existence of any rule or regulation forbidding the giving of transfers which would permit him to ride to his desired destination.

The railroad company showed by the testimony of its witness that it had in fact established a rule forbidding the giving of such transfers, but it also appeared that there had been no publication of such a rule

in the public press, that it had not been posted in the street cars of the company, that orders for the enforcement of transfer rules had been given conductors, but no steps had been taken by the company to bring such rules to the knowledge and attention of the traveling public except such as it might gain from inquiry from car conductors.

Assuming the right of the company to adopt and enforce the rule and regulation in question, can it enforce such a rule where there are two alternate routes open to the passenger without taking proper steps to promulgate such rules and bringing them to the attention of the traveling public? We think not. Rules of this character are not simply for the guidance of conductors, but equally for the guidance of the traveling public; and where the company undertakes to stand on the validity and reasonableness of such regulations as to the public which, in the absence of such rules, would have the right to choose the route of travel, we think it should appear that the rules were properly published in some manner so as to call the attention of the public to their provisions.

The question was up in the case of McGowan v. New York City Ry. Co., 99 N. Y. Supp. 835, where the Appellate Term, presided over by Justices Gildersleeve, Leventritt, and McCall, in a short opinion, said:

"We are of the opinion that, under a properly presented case, based upon sufficient facts, courts will uphold a rule or regulation in the issuing * * * of transfers that will recognize public convenience. But the mere making of such a rule will not be sufficient; there is the further duty of giving reasonable notice of the existence of such a rule, so that the public may not be misled in applying for transfers. As it does not appear that the defendant adopted any method of notifying the public of the institution of such a rule, the judgment must be reversed."

We think the case cited is good law. If it is, then the judgment of the City Court must be reversed, and a new trial directed.

So ordered, with costs to abide the event.